No. 56,915

TAMBRA RAMSEY, *Appellant,* v. KFB INSURANCE COMPANY, INC., *Appellee,*

(697 P.2d 863)

Opinion filed April 5, 1985.

*Bruce Keplinger,* of Payne & Jones, Chartered, of Olathe, argued the cause, and *Keith Martin,* of the same firm, and *Robert I. Nicholson,* of Paola, were with him on the briefs for appellant.

*Karl V. Shawver, Jr.,* of Shawver & Shawver, of Paola, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: This is a declaratory judgment action seeking determination of the applicability of an exclusion contained in an automobile insurance policy. The district court entered summary judgment in favor of the defendant insurer, KFB Insurance Company, Inc., and plaintiff Tambra Ramsey appeals therefrom.

Before proceeding to the issues raised by plaintiff-appellant, we shall first dispose of a challenge to the jurisdiction of this court asserted by defendant insurance company. The challenge is based upon highly technical grounds involving dates and means of service and filing of a hybrid post judgment motion entitled "Motion to Reconsider or in the Alternative to Amend the Judgment." The issue has little in it of precedential value and a full discussion thereof would only result in a corpulent opinion. It is sufficient to say we have considered the issue carefully and find it to be without merit.

On September 22, 1980, plaintiff was a passenger in a 1973 Chevrolet Impala. The vehicle was being driven by Kevin Haley and was owned by Mr. Haley's parents. A two-vehicle automobile accident occurred in Miami County and plaintiff was severely injured. Plaintiff filed suit in the Miami County District Court against the drivers of both vehicles. That case has been totally resolved except for the issue of whether an insurance

policy issued to Kevin Haley provided additional coverage for plaintiff's personal injuries. That policy, issued by defendant, insured a pickup truck not involved in the accident. The declaratory judgment action before us was filed under a stipulation that if coverage were found, the policy limits would be paid to the plaintiff.

The controversy over the policy concerns the "drive other car" clause in the policy on the pickup. The clause, in pertinent part, provides:

"V. Use of Other Automobiles. If the named insured is an individual . . . and if during the policy period such named insured . . . owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy under coverages A [bodily injury liability] . . . with respect to said automobile applies with respect to any other automobile, subject to the following provisions:

. . . .

"(d) This insuring agreement does not apply: (1) to any automobile owned by or furnished for regular use to either the named insured or a member of the same household other than a private chauffeur or domestic servant of such named insured or spouse . . . ." (Emphasis supplied.)

It should be noted the definition of automobile contained in the policy is broad enough to include pickup trucks and no contrary assertion is made.

The insurance company has contended throughout that coverage is excluded on either of two grounds: (1) Kevin Haley and his parents (owners of the Chevrolet Impala) are members of the same household; or (2) the Chevrolet Impala was furnished for Kevin's regular use.

Plaintiff contends the exclusion applies only if Kevin is a member of the household *and* the vehicle was furnished for his regular use. Stated another way, plaintiff contends both conditions must be met if the exclusion is to apply.

The district court entered summary judgment in favor of the insurance company upon findings that Kevin Haley and the Chevrolet's owners were members of the same household and the Chevrolet was furnished for the regular use of Kevin. Plaintiff appeals from said judgment.

A "drive other car" clause, identical in all pertinent respects to the one before us herein, was the subject of a like question of interpretation in *General Leasing Corp. v. Anderson*, 197 Kan. 327, 416 P.2d 302 (1966). The court stated:

"The purpose of 'drive other car' clause is to extend the driver's regular insurance to casual driving of cars other than his own without the payment of extra premium. In order to confine the extended protection to such casual driving the coverage is made inapplicable to the driving of cars usually at hand and regularly used." 197 Kan. at 330.

The "drive other car" provision in *General Leasing,* like the one before us, was devoid of punctuation. The court stated:

"In examining the present exclusionary provision we note that the coordinating conjunctions introducing the alternatives are not prefaced by punctuation. This would seem to indicate that each alternative is meant to have equal weight and apply to each of the other alternatives. When this provision is considered without a perversion of language and with equal emphasis on each part listed in the alternative the meaning is relatively apparent." 197 Kan. at 330-31.

The court concluded:

"The exclusionary provision of a 'drive other car' clause in an automobile insurance policy is examined and *held* to exclude protection if the other car is owned by a member of insured's household or is provided for regular use to the named insured." Syl. ¶ 1.

We find *General Leasing Corp. v. Anderson* is controlling on this issue.

It is undisputed that Kevin Haley and his parents were members of the same household. Therefore, coverage was excluded under the "drive other car" policy provision and the district court did not err in so holding.

The other issues relative to the propriety of the district court's finding that the Chevrolet was furnished for the regular use of Kevin Haley need not be addressed.

The judgment is affirmed.

SCHROEDER, C.J., not participating.